Dear District Attorney Cassidy:
This office is in receipt of your request for an opinion of the Attorney General in regard to a dual officeholding issue. You indicate you would like to hire the local elected city marshal to supervise your pre-trial intervention program. He was elected from Ward 2 of Jefferson Davis Parish, and your District encompasses all of that Parish. The position would be by contract to provide part-time supervisory duties for a flat fee.
You ask if the Dual Officeholding Law would prohibit the city marshal from working in a part-time position for the District Attorney's office under a professional service contract.
In Atty. Gen. Op. 83-832 this office was asked if the City Marshal of the City of Jennings, who is elected on a ward basis, could at the same time be employed as a part-time deputy sheriff with the Parish Sheriff's office. This office quoted R.S. 13:1881A which provides the marshal is the executive officer of the court, executing the orders and mandates of the court, and in making arrests and preserving the peace, he has the same powers of a sheriff. It was then found that in accordance with R.S. 42:62(8) that the marshal of city court, "being the executive officer of the Court, is within the judicial branch of state government." This office quoted R.S. 42:63C wherein it provides "No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof." It was then concluded, "Therefore, it is the opinion of this office that the marshal of a city court, being an elected member of the judicial branch of state government, may not also serve as deputy sheriff, either full-time of part-time, under LA. R.S.42:63C."
However, while the City Marshal, holding an elective office in the government of the state under R.S. 42:62(8) cannot serve as an employee of the district attorney, a political subdivision of this state under R.S. 42:62(9), inasmuch as R.S. 42:63(C) prohibits a person holding an elective office in any branch of state government from holding at the same time "another elective office, a full-time appointive office, oremployment in the government of this state or in the government of apolitical subdivision thereof", the significant provision herein is that the position with the District Attorney is not one of employment, but a professional services contract.
This office has rendered numerous opinions that have found that the Dual Officeholding statutes have no application for an individual who enters into a professional service contract as such is not considered to be a job compensated on a salary or per diem basis, and does not constitute employment within the dual officeholding prohibition. Atty. Gen Op. Nos. 02-342, 96-359, 95- 391, 92043, 90-578.
Accordingly, we are of the opinion that the relationship you intend to enter with the city marshal, being a professional service contract, would not violate the dual officeholding statute, and he may enter into such a contract and continue in the position as city marshal.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: November 22, 2002